UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                     Criminal Case No. 13-20685

v.

KENNETH WILLIAM KLANSECK,        Honorable Nancy G. Edmunds

    Defendant.

_____/

**ORDER DENYING DEFENDANT'S**
**MOTION FOR COMPASSIONATE RELEASE [224]**

Pending before the Court is Defendant's Motion for Compassionate Release. (ECF No. 224.)[1] Defendant requests that pursuant to the First Step Act of 2018 and 18 U.S.C. § 3582(c)(1)(A) the Court resentence him to a sentence of imprisonment of time served, or alternatively, convert the remainder of his sentence to a term of supervised release. Defendant contends he faces a serious risk of grave illness or death as a result of the COVID 19 pandemic and that this constitutes an extraordinary and compelling circumstance justifying compassionate release. The government opposes the requested relief and has filed a response. (ECF No. 228.) The Court has reviewed the record in its entirety and finds that a hearing on this matter is not necessary. For the reasons set forth below, the Court **DENIES** Defendant's motion.

**I.    BACKGROUND**

Defendant pled guilty to one count of distribution of methamphetamine to a person under the age of 21 in violation of 21 U.S.C. § 859 and one count of manufacturing

---

[1] Defendant also filed a pro se motion for compassionate release (ECF No. 209), which is resolved by this order. Defendant is represented by pro bono counsel in connection with the instant motion. The Court commends counsel for taking on this pro bono representation and appreciates counsel's efforts and strong briefing in support of the motion.

1

methamphetamine in violation of 21 U.S.C. § 841(a)(1).  The criminal charges arose from his involvement in manufacturing methamphetamine with his co-defendant and then girlfriend, Sarah Sweet.  Defendant Sweet is the person under the age of 21 to whom Defendant was accused of distributing methamphetamine.  There were also allegations that Defendant was involved in the production of methamphetamine for the benefit of a major dealer and motorcycle gang, but those charges were ultimately dismissed.  On April 12, 2016, the Court sentenced Defendant to be imprisoned for a term of 121 months.  According to the Government, Defendant's sentence was at the bottom of the guideline range.

Defendant is currently confined at FCI Sandstone.  At the time of his sentencing, Defendant had already served almost 32 months in prison as a result of being denied bond and detained pending trial.  His projected release date is May 3, 2022.  But as Defendant points out, he may be eligible for home confinement as early as November 03, 2021.

Defendant is 35 years old.  He suffers from obesity with a body mass index of approximately 35.5.  The Government concedes that Defendant's obesity places him at an increased risk if he contracts COVID-19.  Defendant also has a long history of mental illness.  He currently suffers from schizoaffective disorder and depression, among other related conditions.  In addition to his diagnosed mental health problems, Defendant is a victim of significant childhood abuse and trauma.  He claims his mental disorders and the childhood abuse he suffered are the root cause of the various crimes he committed prior to his incarceration, and that while incarcerated, he has learned and worked to develop coping mechanisms to manage his mental illness.  Defendant contends, however, that

the lockdown measures put in place at FCI Sandstone in response to the COVID-19 pandemic prevent him from continuing his coping and treatment efforts, and ultimately have resulted in the worsening of his mental health condition.

On April 3, 2020, Defendant submitted a request to the BOP for compassionate release. On April 8, 2020 the BOP denied Defendant's request. There does not appear to be any dispute that Defendant exhausted his administrative remedies before seeking relief in this Court.

Defendant now moves for compassionate release in this Court. The motion has been fully briefed and is ripe for consideration.

## II.   ANALYSIS

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) authorizes courts to modify terms of imprisonment as follows (emphasis added):

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>> (i) extraordinary and compelling reasons warrant such a reduction ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Thus in order to obtain relief under 18 U.S.C. § 3582(c)(1)(A)(i), a defendant must satisfy the exhaustion requirement and demonstrate that "extraordinary and compelling reasons" warrant a reduction of his sentence or compassionate release. In addition to this showing,

3

the Court must also consider the sentencing factors described in 18 U.S.C. § 3553(a) and determine whether a sentence reduction would be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

In his motion, Defendant claims his medical condition, and specifically his mental health issues and his obesity, in the wake of the COVID-19 pandemic constitute extraordinary and compelling circumstances warranting compassionate release under § 3582(c). The Government responds that Defendant's health conditions do not entitle him to compassionate release. The Government also argues that Defendant is not entitled to release under § 3582(c) because he poses a continued danger to the community.

Having considered the record in its entirety, the Court agrees the with Government that Defendant has failed to demonstrate that he is entitled to compassionate release at this time. Specifically, the Court finds that consideration of the factors set forth in § 3553(a) weigh against granting the requested relief.[2] The nature and circumstances of Defendant's offenses are serious, and that one factor weighs against granting compassionate release under the circumstances presented here. *See* § 3553(a)(1). Moreover, the Court finds that releasing Defendant to home confinement at this point, with more than a year remaining on his sentence and under these circumstances would not be consistent with the other § 3553(a) factors. The Court finds that the statutory goal of imposing punishment would not be satisfied by releasing Defendant to home confinement at this point. And the Government's argument concerning the continued

---

[2] Because the Court finds that consideration of the § 3553(a) factors is dispositive of Defendant's motion, the Court will not address the issue as to whether Defendant's health condition in the wake of the COVID-19 pandemic constitutes an extraordinary and compelling circumstance. Based on the record before the Court, Defendant does not appear to be at a higher risk of contracting the virus than any other inmate. And while the Court sympathizes with the additional hardship placed on Defendant's mental health by the COVID-19 lockdown restrictions, the Court is also cognizant of the fact that all inmates face additional strains are their mental health and well-being as result of the same restrictions.

danger Defendant poses to the community in light of his past criminal conduct is compelling.[3] Thus granting the requested relief would be inconsistent with and not supported by the § 3553(a) factors.

### III. CONCLUSION

Accordingly, for the above stated reasons, **IT IS HEREBY ORDERED** that Defendant's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A) is **DENIED**.

**SO ORDERED.**

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: October 29, 2020

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 29, 2020, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager

---

[3] The Court agrees with Defendant that there are certainly mitigating circumstances surrounding his prior criminal activity and his conduct in connection with the charges at issue here. But the Court already took those mitigating factors into consideration in issuing Defendant's original sentence, which, as noted, were towards the bottom of his guideline range.